Argued July 21, reversed August 25, 1975

WILLIAMS, *Respondent, v.* STATE ACCIDENT
INSURANCE FUND (No. 412-651), *Appellant.*

539 P2d 162

*Janet A. Metcalf,* Assistant Attorney General, Sa-
lem, argued the cause for appellant. With her on the
brief were Lee Johnson, Attorney General, and W.
Michael Gillette, Solicitor General, Salem.

*Jan Thomas Baisch,* Portland, argued the cause for
respondent. With him on the brief were Dan O'Leary
and Pozzi, Wilson & Atchison, Portland.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

FOLEY, J.

The issue in this workman's compensation case is whether the claimant established by a preponderance of the evidence that his employment conditions materially contributed to his unquestioned hearing loss in both ears. The State Accident Insurance Fund (Fund) denied compensability. The referee and Workmen's Compensation Board affirmed the denial, and the circuit court reversed, holding that claimant's loss of hearing constituted an occupational disease.

Claimant was 66 years of age at the time of hearing. In 1945 a doctor told claimant that he had a slight hearing loss. In 1953 claimant first began working for Bingham Willamette Co. (employer). He worked for employer for over 20 years, until he was laid off in February 1974.

Claimant testified that he began using a hearing aid, for listening to the radio and other such activities, on a sporadic basis in 1962, and that he never missed work because of hearing problems, but he noticed a definite worsening of his hearing after 1971. He filed his claim on or about November 27, 1973.

■ The only medical evidence in this case consisted of two audiograms and a letter and a report from a doctor. The audiograms support only a finding of loss of hearing, which is not a contested issue. The letter and report were from Dr. Donald C. Mettler, an ear, nose, and throat specialist, who examined claimant. In the report, dated January 10, 1974, Dr. Mettler reported claimant's statement of the cause of his hearing loss as being "noise from work." The report form asks, "Is the condition requiring treatment

the result of the industrial injury or exposure described?" Dr. Mettler responded, "No." The letter from Dr. Mettler, dated April 10, 1974, merely states that he has "reviewed the record" of claimant and that "[t]he hearing loss that Mr. Williams has *is compatible* with that caused by *noise exposure*." (Emphasis supplied.)

Even avoiding a too technical interpretation of a non-lawyer's language, Dr. Mettler's use of the fairly weak term "compatible," when coupled with his failure to relate the hearing loss to *employment* noise exposure and his "No" answer on the earlier report, is at best highly ambiguous. Thus, the medical evidence does not substantiate a compensable occupational disease claim.

■ Claimant contends, however, that other evidence in this case can support the compensability of his claim under *Uris v. Compensation Department,* 247 Or 420, 427 P2d 753, 430 P2d 861 (1967). In *Uris,* the court rejected the proposition that the compensability of a claim must be supported by expert medical testimony. The court further noted:

> "In the compensation cases holding medical testimony unnecessary to make a prima facie case of causation, the distinguishing features are an uncomplicated situation, the immediate appearance of symptoms, the prompt reporting of the occurrence by the workman to his superior and consultation with a physician, and the fact that the plaintiff was theretofore in good health and free from any disability of the kind involved. A further relevant factor is the absence of expert testimony that the alleged precipitating event could not have been the cause of the injury * * *." 247 Or at 426.

Claimant testified at length to the effect that he was exposed to tremendous noise levels, including noise from an exhaust fan, air horns, welding, chip-

ping, riveting, grinding, and scarfing with an electric arc, during his 20 years with employer. However, he offered no other evidence about his work environment other than his own testimony. The only other evidence offered regarding noise levels in the employer's plant was a noise study conducted at the behest of the Fund, and this was not admitted because claimant objected to its admission.

It is unnecessary to decide if this case meets the *Uris* guidelines in an occupational disease context because the evidence does not establish that claimant's hearing loss is related to his employment. Claimant did not produce noise level studies on his own behalf. Claimant presented no testimony from fellow workers regarding noise in the plant. No attempt was made to show that claimant had ever complained to anyone, including his doctor, fellow employes and his employer, that his hearing loss was related in any fashion to his employment, even though claimant was aware of his hearing loss for 11 years prior to the filing of his claim. We do not suggest that any one of these types of evidence is particularly required. We merely note that the non-medical evidence actually presented in this case was insufficient to establish a causal relationship between claimant's employment and his hearing loss.

Reversed.